IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF KANSAS
TOPEKA DIVISION

| IN RE: | ) | |
|---|---|---|
| | ) | |
| RILEY DRIVE ENTERTAINMENT | ) | Case No: 19-41328 |
| XV, INC. | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

## APPLICATION FOR APPROVAL OF
## PAYMENT OF PREPETITION PAYROLL

COMES NOW Debtor Riley Drive Entertainment, XV, Inc., by and through undersigned counsel, and for this Application for Approval of Payment of Prepetition Payroll, states as follows:

1. On October 29, 2019 Debtor initiated this bankruptcy case by filing its Voluntary Petition under Chapter 11 of the United States Bankruptcy Code. Debtor remains in possession of its property and in control of its affairs pursuant to 11 U.S.C. §§1107 and 1108.

2. Debtor's business consists of the ownership and operation of a restaurant and sports bar called Saints Pub + Patio in Lenexa, Kansas (the "Business"). The Business retains a significant number of employees including bar managers, bartenders, kitchen staff, servers and hosts.

3. Pursuant to the Statement of Operating Budget or, in the alternative, Motion for Authorization to Pay Operating Expenses (the "Motion"), Debtor requested the Court to ratify Debtor's statutory authorization or otherwise authorize the use of the Revenues for costs associated with the continued operation and maintenance of the Business in the ordinary course (Doc. 16). Attached to the Motion is a budget reflecting the ongoing monthly expenses for ongoing operation and maintenance of the Business (the "Budget").

6620762

4. As a result of the timing of the bankruptcy filing, a portion of Debtor's most recent biweekly payroll as reflected in the Budget arose prepetition. That payroll period extends from October 21 to November 3 (the "Payroll Period"), which period is payable on Friday, November 8, 2019. As the payment of prepetition obligations is generally prohibited under bankruptcy law, Debtor seeks court approval for the payment of the prepetition portion (inclusive of employee compensation and applicable taxes) of the Payroll Period together with the payroll amounts accruing post-petition. The unpaid prepetition payroll amounts to an approximate total of $18,000.00.

5. Debtor submits that payment of the employees is vital, indeed indispensable, to the smooth operations of the Business and maintenance of the loyalty and confidence of Debtor's workforce. Any significant disruption in Debtor's workforce can undermine, indeed imperil, the prospects for a successful reorganization. Bankruptcy courts recognize the necessity of allowing payment of prepetition payroll and routinely grant such requests by debtors. See, e.g. *In re: Gulf Air, Inc.*, 112 B.R. 152, 153 (Bkrtcy. W.D. La. 1989) ("The Motion urges that, without immediate payment, many of the Debtor's skilled employees will abandon their employment, and that immediate payment is essential to reorganization efforts. The Court agrees."); *In re: Quality Interiors, Inc.*, 127 B.R. 391, 396 (Bkrtcy. N.D. Ohio 1991) ("This Court often permits the payment of prepetition wages so that the debtor-in-possession may maintain an effective workforce. . . ."); *In re: Coserv, L.L.C*, 273 B.R. 487, 494 fn. 10 (Bkrtcy. N.D. Tex. 2002) ("wage claims typically are payable out of necessity as well as by virtue of their priority.") The United States Supreme Court recently had occasion to observe the appropriateness of the exercise of authority by courts that "have approved "first day" wage

orders that allow payment of employees' prepetition wages . . .." *Czyzewski v. Jevic Holding Corp.*, 137 S.Ct. 973, 985, 197 L. Ed. 2d 398 (2017).

6. Good cause exists to grant the requested relief in order to maintain normal business operations and deter any disruption of Debtor's labor force. Accordingly, Debtor requests entry of an Order authorizing payment of the prepetition portion of Payroll Period.

Respectfully submitted,

**MCDOWELL RICE SMITH & BUCHANAN**

*/s/Jonathan A. Margolies*
Jonathan A. Margolies     MO #30770
605 W. 47th Street, Suite 350     KS Fed #70693
Kansas City, Missouri 64112
Telephone: (816) 753-5400
Facsimile: (816) 753-9996
Email: jmargolies@mcdowellrice.com
**ATTORNEYS FOR DEBTOR**

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th of October, 2019, a copy the foregoing was served via U.S. First Class mail, postage prepaid, to:

Office of the United States Trustee
401 N. Market,
Wichita, KS 67202

OakStar Bank
1020 E. Battlefield
Springfield, Missouri 65807

Landmark National Bank
8101 W. 135th Street
Overland Park, Kansas 66223

ASCAP
P.O. Box 311608
Nashville TN 37203

CCL 2, LLC
1100 Walnut
Suite 2000
Kansas City MO 64106

Fox Capital Group, Inc.
65 Broadway
Suite 804
New York NY 10006

| | |
|---|---|
| Itria Ventures, LLC<br>462 Seventh Avenue, 20th Floor<br>New York NY 10018 | Small Business Financial Solutions<br>4500 East West Hwy<br>6th Floor<br>Bethesda MD 20814 |
| Revenue Systems, Inc.<br>P.O. Box 15257<br>Clearwater FL 33766 | US Foods, Inc.<br>16805 College Blvd<br>Lenexa KS 66219 |
| Simply Funding, LLC<br>45 Broadway, Suite 2450<br>New York NY 10006 | |

/s/ *Jonathan A. Margolies*  
Attorney for Debtor