**SO ORDERED.**

**SIGNED this 8th day of November, 2019.**



*Dale L. Somers*
Dale L. Somers
United States Chief Bankruptcy Judge
_____

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF KANSAS
TOPEKA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RILEY DRIVE ENTERTAINMENT | ) | Case No: 19-41328 |
| XV, INC. | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

### ORDER GRANTING APPLICATION FOR APPROVAL OF
### PAYMENT OF PREPETITION PAYROLL

THIS MATTER comes on for hearing this 6th day of November, 2019 on the Application for Approval of Payment of Prepetition Payroll filed by Debtor (the "Payroll Application") and, upon review of the pleadings and consideration of the arguments of counsel,

THE COURT FINDS as follows:

1. On October 29, 2019 Debtor initiated this bankruptcy case by filing its Voluntary Petition under Chapter 11 of the United States Bankruptcy Code. Debtor remains in possession of its property and in control of its affairs pursuant to 11 U.S.C. §§1107 and 1108.

2. Debtor's business consists of the ownership and operation of a restaurant and sports bar called Saints Pub + Patio in Lenexa, Kansas (the "Business"). The Business retains a significant number of employees including bar managers, bartenders, kitchen staff, servers and hosts.

3. Pursuant to the Statement of Operating Budget or, in the alternative, Motion for Authorization to Pay Operating Expenses (the "Motion"), Debtor requested the Court to ratify Debtor's statutory authorization or otherwise authorize the use of the Revenues for costs associated with the continued operation and maintenance of the Business in the ordinary course (Doc. 16). Attached to the Motion is a budget reflecting the ongoing monthly expenses for ongoing operation and maintenance of the Business (the "Budget").

4. As a result of the timing of the bankruptcy filing, a portion of Debtor's most recent biweekly payroll as reflected in the Budget arose prepetition. That payroll period extends from October 21 to November 3 (the "Payroll Period"), which period is payable on Friday, November 8, 2019. As the payment of prepetition obligations is generally prohibited under bankruptcy law, Debtor sought court approval for the payment of the prepetition portion (inclusive of employee compensation and applicable taxes) of the Payroll Period together with the payroll amounts accruing post-petition. The unpaid prepetition payroll amounts to an approximate total of $18,000.00.

5. Debtor submits that payment of the employees is vital, indeed indispensable, to the smooth operations of the Business and maintenance of the loyalty and confidence of Debtor's workforce. Any significant disruption in Debtor's workforce can undermine, indeed imperil, the prospects for a successful reorganization. Bankruptcy courts recognize the necessity of allowing payment of prepetition payroll and routinely grant such requests by

debtors. See, e.g. *In re: Gulf Air, Inc.*, 112 B.R. 152, 153 (Bkrtcy. W.D. La. 1989) ("The Motion urges that, without immediate payment, many of the Debtor's skilled employees will abandon their employment, and that immediate payment is essential to reorganization efforts. The Court agrees."); *In re: Quality Interiors, Inc.*, 127 B.R. 391, 396 (Bkrtcy. N.D. Ohio 1991) ("This Court often permits the payment of prepetition wages so that the debtor-in-possession may maintain an effective workforce. . . ."); *In re: Coserv, L.L.C*, 273 B.R. 487, 494 fn. 10 (Bkrtcy. N.D. Tex. 2002) ("wage claims typically are payable out of necessity as well as by virtue of their priority.") The United States Supreme Court recently had occasion to observe the appropriateness of the exercise of authority by courts that "have approved "first day" wage orders that allow payment of employees' prepetition wages . . .." *Czyzewski v. Jevic Holding Corp.*, 137 S.Ct. 973, 985, 197 L. Ed. 2d 398 (2017).

6.  Good cause exists to grant the requested relief in order to maintain normal business operations and deter any disruption of Debtor's labor force.

THEREFORE, IT IS HEREBY ORDERED that the Payroll Application is granted and Debtor is authorized to pay the prepetition portion of its payroll inclusive of employee compensation and applicable taxes.

###

**SUBMITTED BY**:

Jonathan A. Margolies       MO #30770/KS. Fed #70693
**MCDOWELL RICE SMITH & BUCHANAN**
605 W. 47th Street, Suite 350
Kansas City, Missouri  64112
Telephone:    (816) 753-5400
Facsimile:    (816) 753-9996
Email: jmargolies@mcdowellrice.com
**ATTORNEYS FOR DEBTOR**