**SO ORDERED.**

**SIGNED this 10th day of January, 2020.**



_Dale L. Somers_
Dale L. Somers
United States Chief Bankruptcy Judge

___

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS
### TOPEKA DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| RILEY DRIVE ENTERTAINMENT XV, INC., | ) | Case No. 19-41328-DLS |
| | ) | Chapter 11 |
| | ) | |
| Debtor. | | |

### FINAL ORDER (I) AUTHORIZING USE OF CASH COLLATERAL, AND (II) GRANTING ADEQUATE PROTECTION

On November 6, 2019, the Court initially took up the debtor Riley Drive Entertainment XV, Inc.'s ("Debtor") Statement of Operating Budget, or in the Alternative, Motion to Pay Operating Expenses (the "Motion"). On November 14, 2019, the Court entered its Interim Order (I) Authorizing Use of Cash Collateral, and (II) Granting Adequate Protection (Doc. 53) (the "Interim Order"). Pursuant to the Interim Order, the Court set a final hearing and an objection deadline of December 10, 2019. The Final Hearing was continued to January 14, 2020. See Doc. #79. The only objections to the Motion, both written and oral, were made by OakStar Bank, Itria Ventures LLC, and Landmark National Bank and Simply Funding, LLC (the "Interested Parties").

The Debtor appears by counsel, Jonathan Margolies. OakStar Bank ("OakStar") appears by counsel, Eric L. Johnson. Itria Ventures LLC ("Itria") appears by counsel, Richard M. Beheler. Landmark National Bank ("Landmark") appears by Stephen B. Angermayer. Simply Funding, LLC ("Simply Funding") appears by counsel Colin Gotham. Interested Parties and the Debtor have agreed to the following relief as set forth in this Order.

The Court, having jurisdiction hereof, and upon review of the file and pleadings in this matter, the statements of counsel at the hearing, hereby FINDS as follows:

1. Debtor commenced the captioned case by filing their Voluntary Petition for Relief under Chapter 11 of the United States Bankruptcy Code ("Code"), Code §§ 101 through 1146, on October 29, 2019 (the "Petition Date").

2. This Court has jurisdiction to hear the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a "core proceeding" within the meaning of 28 U.S.C. § 157.

3. Debtor continues to operate its businesses and manage its property as debtor in possession pursuant to Code §§ 1107 and 1108.

4. As of the Petition Date, the Debtor was originally in possession and/or control of cash and since the Petition Date has continued business operations that generates cash and has reduced and continues to reduce various assets of the bankruptcy estate to cash including, without limitation, credit card collections (collectively, the "Cash").

5. The Interested Parties each assert various interests[1] in (including, without limitation, security interests in, and liens upon) Debtor's personal property including, without limitation, inventory and accounts receivable (the "Alleged Collateral"). Further, the Interested

---

[1] Itria and Simply Funding assert an actual ownership interest in a portion of Cash and non-cash receivables generated by the Debtor pursuant to separate Future Receivables Sale Agreements executed by Debtor and without waiving its right to later assert the significance of that status, are participating in this Order in order to receive the protections afforded the Interested Parties. All parties reserve the right to dispute the validity extent, nature and priority of Itria's and Simply Funding's interests in such property and the corresponding claim to the forgoing protections.

Parties assert interests in Cash including, without limitation, that such cash constitutes proceeds of the Alleged Collateral and, therefore, constitutes cash collateral within the meaning of Code § 363(a). Debtor, at this time, disputes such assertions.

6. In the Motion, Debtor seeks to use property that the Interested Parties allege constitute cash collateral pursuant to 11 U.S.C. § 363.

**NOW, THEREFORE, IT IS HEREBY:**

**ORDERED** that Debtor is granted the use of Cash on a temporary basis for the expenses listed in the budget attached as **Exhibit A** (the "Budget") for the time period from October 29, 2019 through February 28, 2020, and for payment of United States Trustee fees owed pursuant to 28 U.S.C. § 1930(a)(6), unless specifically prohibited by this Order.

**IT IS FURTHER ORDERED**, that the Debtor's use of Cash is expressly conditioned upon the following:

a. Budget. Without prior approval of the Court or the express written consent of the Interested Parties, Debtor shall pay the reasonable amounts which are actual, necessary expenses in the operation of its business not to exceed one hundred and ten percent (110%) of the amount stated for each category of expense in the Budget; PROVIDED, HOWEVER, that in no event should Cash in this period be used to pay pre-petition claims or obligations, other secured claims, or obligations to insiders unless specifically authorized by this Order or separate order from this Court. Except as set forth herein, Debtor shall pay all budgeted expenses when due, including insurance, United States Trustee's fees pursuant to 28 U.S.C. § 1930(a) and taxes, and the Interested Parties shall be notified of any failure or inability to do so. During the budget period, the Debtor is authorized to pay the management fee in the Budget even though such payment would include compensation for insiders.

b. Reporting and Inspection. Debtor shall provide a weekly report to the Interested

Parties on actual revenue and expenses, the amount of Cash on hand, accounts receivable (including credit card receivables), and such other information as can be mutually agreed upon by the Debtor and the Interested Parties[2] for the week preceding the week in which the report is made. Such report shall be provided on Wednesday of each week and shall be in a form as mutually agreed to by Debtor and the Interested Parties.

    c.    <u>Replacement Liens</u>. Effective as of the Petition Date, each of the Interested Parties is hereby granted replacement security interests in, and liens on, all post-Petition Date acquired property of the Debtor and the Debtor's bankruptcy estate that is the same type of property that the Interested Party holds a pre-petition interest, lien or security interest to the extent of the validity and priority of such interests, liens, or security interests, if any (the "<u>Replacement Liens</u>"). The amount of each of the Replacement Liens shall be up to the amount of any diminution of each of the Interested Parties' respective collateral positions from the Petition Date. The priority of the Replacement Liens shall be in the same priority as each of the Interested Parties pre-petition interests, liens and security interests in similar property. The Debtor and all parties in interest have not waived their rights to challenge the asserted interests by the Interested Parties in Debtor's Cash and property.

    d.    <u>Automatic Perfection</u>. Any Replacement Lien granted hereunder shall be effective and perfected upon the date of entry of the Interim Order without necessity for the execution or recordation of filings of deeds of trust, mortgages, security agreements, control agreements, pledge agreements, financing statements or similar documents, or the possession or control by the Interested Parties of, or over, any property subject to the Replacement Liens. The Interested Parties are hereby authorized, but not required, to file or record financing statements or similar instruments

---

[2] If the parties cannot reach an agreement as to the form and content of the reporting, they shall immediately notify the Court in order to resolve any such dispute.

in any jurisdiction in order to validate and perfect the Replacement Liens. Any error or omission in such documents shall in no way affect the validity, perfection or priority of the Replacement Liens. If an Interested Party files a financing statement or similar instrument pursuant to the terms of this subparagraph and it is later determined by court order or judgment that the Interested Party is not entitled to a Replacement Lien, then the Interested Party shall file a termination statement of such financing statement or similar instrument within fourteen (14) days of such order or judgment becoming final and non-appealable.

  e. <u>Superpriority Claims</u>. To the extent that the Replacement Liens prove inadequate to protect the Interested Parties from a demonstrated diminution in value of valid collateral positions from the Petition Date, each of the Interested Parties is hereby granted an administrative expense claim under Code § 503(b) with priority in payment under Code § 507(b) ("<u>Superprioity Claim</u>");

  f. <u>Interested Party Lien Challenges</u>. Nothing in this Order shall prohibit any party from challenging the amount of the Interested Parties' claims or the nature, extent, validity and priority of the Interested Parties' alleged security interests in, and liens on, Cash and the Alleged Collateral. Further, nothing in this Order shall prohibit the Debtor from asserting that its Cash does not constitute cash collateral. All such rights are expressly preserved. The Debtor and Interested Parties anticipate that they may disagree upon the proper manner of calculating or ascertaining the diminution of the value of the Interested Parties' collateral positions. The Debtor and Interested Parties have agreed to keep the manner of calculating or ascertaining the diminution in value of the Interested Parties' collateral an open question and nothing in this Order waives, restricts, or prejudices the ability of any otherwise appropriate party to raise issues regarding diminution of value should such be asserted by an Interested Party for purposes of asserting a Replacement Lien or Superpriority Claim.

g. <u>Additional Adequate Protection</u>. The adequate protection granted in this Order is without prejudice to the Interested Parties seeking further and other adequate protection to the extent each creditor deems the same necessary and appropriate. Further, this Order is without prejudice to (i) Interested Parties seeking the early termination of Debtor's use of Cash prior to the expiration of this Order for cause, including lack of adequate protection or (ii) Debtor opposing such early termination; and

h. <u>Insurance</u>. Debtor shall continue to maintain adequate and sufficient insurance on all its property and assets.

i. <u>Budgeted Professional Fees</u>. Assuming Debtor's right to use Cash and Cash Collateral has not terminated, professional fees and expenses may be paid out pursuant to the Budget and out of cash flow of Debtor's operations pursuant to the Court's *Order Granting Motion for Approval of Monthly Compensation of Debtor's Counsel Nunc Pro Tunc* (Doc. 70). Nothing herein shall be construed as consent to the allowance of any fees and expenses of a retained professional, or shall affect any party's rights to object to the interim or final allowance and payment of such fees and expense, all of such rights being expressly preserved.

**IT IS FURTHER ORDERED** that this Order shall expire and Debtor's right to use Cash shall terminate, unless extended by further order of this Court or by express written consent of the Interested Parties, on the earlier of (i) **February 28, 2020**; (ii) the failure of the Debtor to cure any non-compliance with any provision of this Order within seven (7) days' after receipt of written notice from an Interested Party identifying such non-compliance; (iii) the entry of an order authorizing, or there shall occur, a conversion or dismissal of this under Code § 1112; (iv) the entry of an order appointing a trustee, or appointing an examiner with powers exceeding those set forth in Code § 1106(b); (v) the closing of a sale of all or a substantial portion of the assets of the Debtor; (vi) the cessation of day-to-day operations of Debtor; (vii) any loss of accreditation or licensing of

6

WA 13950482.3

Case 19-41328    Doc# 89    Filed 01/10/20    Page 6 of 11

the Debtors that would materially impede or impair the Debtor's ability to operate as a going concern; and (viii) any material provision of this Order for any reason ceases to be enforceable, valid, or binding upon the Debtor.

**IT IS FURTHER ORDERED** that to be effective any waiver by the Interested Parties of the provisions of this Order or consent required under this Order must be in writing, which includes electronic mail.

**IT IS FURTHER ORDERED** that the provisions of this Order and the adequate protection granted herein, including the Replacement Liens, shall also extend to any Cash used by Debtor subsequent to the Petition Date, but prior to entry of this Order.

**IT IS FURTHER ORDERED** that the provisions of this Order shall be binding upon and inure to the benefit of the Interested Parties, the Debtor, and their respective successors and assigns (including without limitation, any Chapter 11 or Chapter 7 trustee, examiner, or other fiduciary hereafter appointed for the Debtor or with respect to any of the Debtor's property).

**IT IS FURTHER ORDERED** that this Order shall become effective and enforceable upon approval and entry as an order of the Bankruptcy Court. If any provision of this Order is hereafter modified, vacated or stayed by subsequent order of this or any other Court for any reason, such modification, vacation, or stay shall not affect the validity of any obligation or liability incurred pursuant to this Order and prior to the later of (a) the effective date of such modification, vacation, or stay, or (b) the entry of the order pursuant to which such modification, vacation, or stay was established. The liens and claims granted to the Interested Parties under this Order, Interim Order, and the priority thereof, shall be binding (subject to the terms of this Order) on Debtor, its bankruptcy estate, any subsequent trustee or examiner, and all creditors of Debtor.

**IT IS FURTHER ORDERED** that no party has yet established the existence of a valid, perfected and unavoidable claim or interest in Debtor's Cash or any other property of the Debtor

7

WA 13950482.3

Case 19-41328    Doc# 89    Filed 01/10/20    Page 7 of 11

or bankruptcy estate. Nothing in this Order shall be construed to establish any such claim or interest in Debtor's Cash or any other property of the Debtor or bankruptcy estate. The extent of the Replacement Liens and Superpriority Claims provided in this Order to the Interested Parties, if any, shall be subject to a subsequent ruling which establishes an Interested Party's valid, perfected and unavoidable claim or interest in Debtor's Cash or any other property of the Debtor or bankruptcy estate and the secured status of such claim or interest under Code § 506 (the "<u>Cash Collateral Ruling</u>"). An Interested Party or Debtor may seek or request a Cash Collateral Ruling in conjuncture with the enforcement of this Order. Nothing in this Order, however, shall alter the parties' respective burdens of proof under applicable bankruptcy law including, without limitation, Code §§ 363 or 506 and Bankruptcy Rule 4001.

**IT IS SO ORDERED**.

###

Approved by:

**MCDOWELL RICE SMITH & BUCHANAN**

*/s/ Jonathan A. Margolies*

Jonathan A. Margolies    KS Fed # 30770
605 W. 47th Street, Suite 350
Kansas City, Missouri 64112
Telephone: 816-753-5400
Facsimile: 816-753-9996
Email: jmargolies@mcdowellrice.com

ATTORNEYS FOR DEBTOR

**SPENCER FANE LLP**

*/s/ Eric L. Johnson*

Eric L. Johnson    KS # 20542
1000 Walnut, Suite 1400
Kansas City, Missouri 64106-2140
Telephone: 816-474-8100
Facsimile: 816-474-3216
Email: ejohnson@spencerfane.com

ATTORNEYS FOR OAKSTAR BANK

**SOUTHLAW, P.C.**

*/s/ Richard Beheler*

Richard Beheler    KS # 16915
13160 Foster Suite 100
Overland Park, Kansas 66213-2660
Telephone: 913-663-7600
Facsimile: 913-663-7899
Email: Richard.Beheler@southlaw.com

ATTORNEYS FOR INTRIA VENTURES LLC

**FERN & ANGERMAYER, L.L.C.**

*/s/ Stephen B. Angermayer*
Stephen B. Angermayer     KS # 13798
107 W. Fourth Street
P.O. Box 686
Pittsburg, Kansas 66762
Telephone: 620-231-7300
Facsimile: 620-231-1033
Email: sangermayer@fernangermayer.com

ATTORNEYS FOR LANDMARK NATIONAL BANK


**EVANS & MULLINIX, P.A.**

*/s/ Colin N. Gotham*
Colin N. Gotham, KS #19538
7225 Renner Road, Suite 200
Shawnee, KS 66217
Telephone: (913) 962-8700;
Facsimile: (913) 962-8701
Email  cgotham@emlawkc.com

ATTORNEYS FOR SIMPLY FUNDING, LLC

**Riley Drive Entertainment XV, Inc. dba Saints Lenexa**
**Operating Budget**

|  | Nov-19 | Dec-19 | Jan-20 | Feb-20 |
|---|---:|---:|---:|---:|
| Food & Beverage Sales | 248,750 | 242,000 | 237,000 | 243,500 |
| Total Revenues | 248,750 | 242,000 | 237,000 | 243,500 |
|  |  |  |  |  |
| Advertising/Promotions | 1,000 | 1,000 | 1,000 | 1,000 |
| Bank Charges | 500 | 500 | 500 | 500 |
| Chemicals/Cleaning Supplies | 270 | 270 | 270 | 270 |
| Cleaning | 2,500 | 2,500 | 2,500 | 2,500 |
| DirecTV/Cable | 1,500 | 1,500 | 1,500 | 1,500 |
| Entertainment | 500 | 500 | 500 | 500 |
| Equipment Rental | 211 | 211 | 211 | 211 |
| Food & Beverage Costs | 87,063 | 84,700 | 82,950 | 85,225 |
| Food Delivery Services | 4,000 | 4,000 | 4,000 | 4,000 |
| Insurance | 2,800 | 2,800 | 2,800 | 2,800 |
| Internet/Phone | 397 | 397 | 397 | 397 |
| Laundry and Dry Cleaning | 575 | 575 | 575 | 575 |
| Legal Fees | 10,000 | 10,000 | 10,000 | 10,000 |
| Management Fee | 12,438 | 12,100 | 11,850 | 12,175 |
| Music Licensing Fees | 100 | 100 | 100 | 100 |
| Office Supplies/Postage | 300 | 300 | 300 | 300 |
| Payroll and PR Taxes | 87,063 | 84,700 | 82,950 | 85,225 |
| Pest Control | 100 | 100 | 100 | 100 |
| Rent | 16,500 | 16,500 | 16,500 | 16,500 |
| Repairs and Maintenance | 1,000 | 1,000 | 1,000 | 1,000 |
| Replacement Reserve | 2,500 | 2,500 | 2,500 | 2,500 |
| Restaurant Supplies | 2,000 | 2,000 | 2,000 | 2,000 |
| Trash | 2,000 | 2,000 | 2,000 | 2,000 |
| Uniforms | 350 | 350 | 350 | 350 |
| Utilites | 5,517 | 5,269 | 4,499 | 4,094 |
| Total Expenses | 241,183 | 235,872 | 231,352 | 235,822 |
|  |  |  |  |  |
| Net Revenue | 7,568 | 6,128 | 5,648 | 7,678 |